United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 17-14737-amc
Michael D. Jones, Jr.                                                   Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: CarolP               Page 1 of 1               Date Rcvd: Aug 22, 2018
                           Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 24, 2018.
db             +Michael D. Jones, Jr.,    46 Needlepine Lane,    Levittown, PA 19054-3808

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 24, 2018                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 22, 2018 at the address(es) listed below:
        JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
         ecfemails@ph13trustee.com
        JON M. ADELSTEIN    on behalf of Debtor Michael D. Jones, Jr. jadelstein@adelsteinkaliner.com,
         jsbamford@adelsteinkaliner.com
        KEVIN G. MCDONALD    on behalf of Creditor    Roundpoint Mortgage Servicing Corporation
         bkgroup@kmllawgroup.com
        REBECCA ANN SOLARZ    on behalf of Creditor    Roundpoint Mortgage Servicing Corporation
         bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                      TOTAL: 6

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re : Chapter 13

MICHAEL D. JONES

    Debtor(s)

: Bankruptcy No.17-14737AMC

### ORDER CONFIRMING PLAN UNDER CHAPTER 13

AND NOW, this 21st day of August, 2018 consideration of the plan submitted by the debtor under Chapter 13 of title 11 U.S.C. and the standing trustee's report which has been filed; and it appearing that

    A. a meeting of creditors upon notice pursuant to 11 U.S.C. 341 (a) and a confirmation hearing upon notice having been held;

    B. the plan complies with the provisions of 11 U.S.C. 1322 and 1325 and with other applicable provision of title 11 U.S.C.;

    C. any fee, charge or amount required under chapter 13 of title 28 or by the plan, to be paid before confirmation, has been paid;

    D. the plan has been proposed in good faith and not by any means forbidden by law;

    E. the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of title 11 on such date;

    F. with respect to each allowed secured claim provided for by the plan-
       (1) the holder of such claim has accepted the plan;
       (2) (a) the plan provides that the holder of such claim retain the lien securing such claim, and
           (b) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claims is not less than the allowed amount of such claim; or
       (3) the debtor has agreed to surrender or has surrendered the property securing such claim to such holder of the claim; and

    G. the debtor will be able to make all payments under the plan and to comply with the plan;

WHEREFORE, it is ORDERED:

1. that the plan is CONFIRMED

2. that pursuant to 11 U.S.C. 1327 the provisions of the confirmed plan bind the debtor and each of the creditors of the debtor, whether or not the claim of such creditor is provided for by the plan, and whether or not said creditor has objected to, has accepted or has rejected the plan; and

3. that all property of the estate, including any income, earnings, other property which may become a part of the estate during the administration of the case which property is not proposed, or reasonably contemplated, to be distributable to claimants under the plan shall revest in the debtor(s); provided, however, that no property received by the trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the plan.

                                                           Honorable Ashely M. Chan
                                                           United States Bankruptcy Judge